COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )                    No. 
08-01-00441-CV

                                                                              )

IN
THE MATTER OF A.F.,                                 )                             Appeal from

                                                                              )     

A
JUVENILE.                                                       )                      327th District Court

                                                                              )

                                                                              )                 of El Paso County, Texas

                                                                              )

                                          )                            (TC# 0100226)

 

O
P I N I O N

 

A.F.,
a juvenile, appeals the finding in an adjudication order that he engaged in
delinquent conduct by committing a graffiti offense.  We affirm.

FACTUAL SUMMARY








Ismael Salcido is employed as a
teacher at Our Lady of the Assumption Catholic School.  On February 14, 2001, Salcido
was working as a substitute teacher at Coronado High School in El Paso.  He was assigned to teach the alternative
class.  The classroom has cubicles which
are affixed to the wall and arranged in such a manner that the students are
unable to see one another unless they are out of their cubicle.  Approximately fifteen to twenty students were
in the classroom and each was assigned a cubicle.  The students are not allowed to go in each
other=s
cubicles.  As Salcido
made his rounds through the cubicles to make sure the students were working, he
saw A.F. was writing on the cubicle with a black marker.  When he got closer, Salcido
could see that A.F. had drawn a marijuana leaf. 
Salcido stuck his hand out and gestured for
A.F. to give him the marker, but he instead put it in his right pocket.  Salcido did not
persist in retrieving the marker.  

Henry
Dorantes, assistant principal at Coronado High
School, learned the following day of the tagging allegation made by Salcido.  As part of
his investigation, Dorantes viewed the graffiti on
the sides of the cubicle.  The markings
made by A.F. could not be washed off and Dorantes
described them as permanent.  The school
had to paint over the markings.  Neither Salcido nor Dorantes had given
A.F. permission to write on the school=s
property.  

The
State filed a petition alleging that A.F. had engaged in delinquent conduct by
making a marking on school property with an indelible marker (Count I), and by
resisting a search by a peace officer (Count II).  A.F. waived his right to a jury trial and
entered a plea of not true to Count I.  He pled true to Count II.  At the conclusion of the evidence, the
juvenile court found that the State had proven the elements of the criminal
mischief offense beyond a reasonable doubt. 
Based upon A.F.=s
plea of true to a second count, the juvenile court also found that A.F. had
engaged in delinquent conduct by resisting a search by a peace officer.  This appeal concerns only the tagging or
graffiti offense.

SUFFICIENCY OF THE EVIDENCE

In
his sole issue on appeal, A.F. challenges the legal sufficiency of the evidence
to support the trial court=s
finding that he engaged in delinquent conduct by committing the tagging
offense.  He argues that because the
State never recovered the marker or introduced it into evidence, it failed to
prove beyond a reasonable doubt that he used an indelible marker.

Standard of Review








When
reviewing such a challenge by a juvenile, we apply the Jackson v. Virginia[1]
standard.  In the
Matter of A.S., 954 S.W.2d 855, 858 (Tex.App.-‑El
Paso 1997, no pet.).  This
standard requires us to review all the evidence, both State and defense, in the
light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson, 443 U.S. at 318‑19, 99 S.Ct.
at 2789, 61 L.Ed.2d at 573; Geesa v. State,
820 S.W.2d 154, 159 (Tex.Crim.App. 1991).  This familiar standard gives full play to the
responsibility of the trier of fact fairly to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic to ultimate facts. 
Jackson, 443 U.S. at 319, 99 S.Ct. at
2789, 61 L.Ed.2d at 573.  We do not resolve any conflict of fact or
assign credibility to the witnesses, as it was the function of the trier of fact to do so. 
See Adelman v. State, 828 S.W.2d 418,
421 (Tex.Crim.App. 1992); Matson v. State, 819
S.W.2d 839, 843 (Tex.Crim.App. 1991).  Instead, our duty is only to determine if
both the explicit and implicit findings of the trier
of fact are rational by viewing all of the evidence admitted at trial in a
light most favorable to the verdict.  Adelman, 828 S.W.2d at 422.  In so doing, any inconsistencies in the
evidence are resolved in favor of the verdict. 
Matson, 819 S.W.2d at 843.  Further, the standard of review is the same
for both direct and circumstantial evidence cases.  Geesa, 820 S.W.2d at 158.

Elements of the Underlying Criminal Offense








A
person commits an offense if, without the effective consent of the owner, he
intentionally or knowingly makes markings, including inscriptions, slogans,
drawings, or paintings, on the tangible property of the owner with an indelible
marker.  Tex.Pen.Code Ann. '
28.08(a)(2)(Vernon Supp. 2002).  An offense under this section is a state jail
felony if the marking is made upon a school. 
Tex.Pen.Code Ann. '
28.08(d)(1). 
According to Section 28.08(e), Aindelible
marker@ means a
device that makes a mark with a paint or ink product that is specifically
formulated to be more difficult to erase, wash out, or remove than ordinary
paint or ink products.  Tex.Pen.Code Ann. '
28.08(e)(3).  A.F.
argues that since the marker was never recovered the State failed to prove that
it is an indelible marker within the meaning of the statute.

Salcido saw A.F. using a black marker to draw the marijuana
leaf on the cubicle.  According to Dorantes, the marking was permanent and could not be
removed from the cubicle.  Further, Jeff
McKinley, an El Paso police officer assigned to the CRASH gang unit, is
familiar with graffiti and the methods by which juveniles place graffiti on
walls and property.  McKinley personally
observed the graffiti markings on the cubicle. 
In his opinion, the markings were made by an indelible marker and are
permanent.  Taken in the light most
favorable to the verdict, the evidence showing that the markings were permanent
and could not be erased or washed off establishes indirectly or
circumstantially that the ink product in this marker is specifically formulated
to be more difficult to erase, wash out, or remove than ordinary ink
products.  Officer McKinley=s unchallenged opinion that the marking
was made with an indelible marker is further proof of this element.  Therefore, we find the evidence legally
sufficient to prove that A.F. made the marking with an indelible marker.  We overrule the sole issue for review and
affirm the adjudication order.

 

 

August 1, 2002

                                                                        


ANN CRAWFORD McCLURE, Justice

Before Panel No. 2

Barajas, C.J., McClure, and Chew,
JJ.

 

(Do Not Publish)











[1]  Jackson v. Virginia, 443 U.S. 307, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979).